1  MacCONAGHY & BARNIER, PLC
   JOHN H. MacCONAGHY, State Bar No. 83684
2  JEAN BARNIER, State Bar No. 231683
   645 First St. West
3  Sonoma, California 95476
   Telephone:  (707) 935-3205
4  Facsimile:  (707) 935-7051
   Email:        macclaw@macbarlaw.com
5

6  Attorneys for Plaintiff
   LINDA S. GREEN
7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 In re                                )
                                        )  Case No.  17-10080 DM
12 AARON HUGH BRAUN,                    )  (Chapter 7)
                                        )
13          Debtor.                     )  AP No. 17-3043 DM
   _____ )
14                                      )
   LINDA S. GREEN, Trustee              )  **PLAINTIFF'S STATUS**
15 in Bankruptcy of the Estate of       )  **CONFERENCE STATEMENT**
   Aaron Hugh Braun,                    )
16                                      )  Hearing Date: 10/27/2017
                                        )  Time: 1:30 p.m.
17          Plaintiff,                   )  Courtroom 17 – Hon. Dennis Montali
                                        )
18     v.                               )
                                        )
19 AARON HUGH BRAUN, an individual;     )
   JOAN PAULINE DeHOVITZ aka JOAN       )
20 DeHOVITZ BRAUN, individually and     )
   as Trustee of the Sara Braun Trust, Trustee )
21 of the Rachel Braun Trust, Trustee of the )
   Nathan Braun Trust, and Trustee of the )
22 Benjamin Braun Trust,  and as the Custodian )
   for Sara Braun,  Rachel Braun, Nathan )
23 Braun, and Benjamin Braun as to  certain )
   financial accounts maintained under the )
24 Uniform Custodial Trust Act and Uniform )
   Transfers to Minor Act;              )
25                                      )
            Defendants.                 )
26 _____ )

1127.727.statusconference                                          PAGE 1

Plaintiff, Linda S. Green, Trustee in Bankruptcy of the Estate of Aaron Hugh Braun, hereby submits this Status Conference Statement.

## OVERVIEW

This matter has already been the subject of repeated and aggressive law and motion practice before this Court.

Briefly, the Debtor Aaron Braun was an extremely successful investment manager who suffered a significant financial reversal during the Great Recession, and filed Chapter 7 in February of this year. The Plaintiff Trustee contends that (1) Braun and his wife Defendant Joan DeHovitz held over $300,000 in unscheduled community property bank accounts as of the petition date which they have refused to turn over, (2) in the years leading up to his filing, Braun made substantial fraudulent transfers to his wife and children, (3) Braun made a number of false oaths in his Schedules and at his Meeting of Creditors, and (4) by violating a state court receivership order to surrender personal property and instead selling that property and using the proceeds for living expenses, Braun made a transfer to hinder, defraud, and delay his creditors. Thus, the First Amended Complaint seeks to deny Braun's discharge pursuant to Section 727 and further seeks the recovery of estate assets pursuant to Sections 542, 544(b), 548, and 549. All allegations of the Complaint are vigorously disputed by the Defendants.

## JURISDICTIONAL ISSUES

Defendants have denied "core" status of all claims for relief set forth in the Complaint and have declined to consent to final judgment by this Court. However, Defendants have not demanded a jury trial.

Plaintiff contends that all claims for relief are "core". However, Plaintiff agrees that Defendant Joan DeHovitz, individually and as trustee/custodian for her children has the right to refuse to consent to final judgment by this Court because they have not filed a Proof of Claim.

Defendant Braun's contention that he can refuse to consent to final judgment of the 727

Case 17-03043   Doc# 65   Filed: 10/20/17   Entered: 10/20/17 18:48:40   Page 2 of 3

1 claims for relief is without merit.

2 **RULE 26**

3 The parties have conducted their Rule 26(f) conference.  Plaintiff has served her Rule 26

4 Initial Disclosures, but the Defendants have not and the Plaintiff requests that they be ordered to

5 do so at this status conference.

6 **DISCOVERY**

7 The parties have filed a formal Discovery Plan providing that no modification of FRCivP

8 26-37 is necessary.  so providing by the time of this status conference.  Plaintiff requests a fact

9 discovery cut-off of 5/1/2018 and an expert discovery cut off of 7/1/2018.

10 **TRIAL**

11 Plaintiff estimates that trial will consume 4-5 full days. Given the fact that there is no

12 jury demand, the case should be tried here.  Plaintiff contends that at trial, it will be appropriate

13 for the Court to enter final judgment on the 727 claims and proposed findings on the remaining

14 claims pursuant to BLR 9033-1.

15 **SETTLEMENT**

16 Settlement is possible, but obviously problematic due to the pendency of the serious 727

17 claims for relief.  Further discovery is required before meaningful negotiations can occur.

18 Counsel for the parties may avail themselves of an appropriate ADR forum at the appropriate

19 time.

20 Dated: October 20, 2017                         Respectfully Submitted,
21                                                 MACCONAGHY & BARNIER, PLC

22

23    /s/   John H. MacConaghy
      John H. MacConaghy
      Attorneys for Plaintiff,
24    *Linda S. Green, Trustee In Bankruptcy*

25

26